UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELIA CELENTANO, on behalf of herself and all others similarly situated,<br><br>                      Plaintiff(s),<br><br>                    -against-<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC; and JOHN DOES 1-25,<br><br>                    Defendant(s). | Civil Case No.:<br>**1:23-cv-402 (FJS/DJS)**<br><br>CIVIL ACTION<br><br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, DYNAMIC RECOVERY SOLUTIONS, LLC ("DYNAMIC RECOVERY") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692k *et seq*.

3. Venue is proper in this district under 15 U.S.C. § 1692k(d) because Plaintiff resides there, and the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Greene, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. DYNAMIC RECOVERY maintains a location at 135 Interstate Boulevard, Unit 6, Greenville, South Carolina 29615.

7. Defendant uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New York consumers and their successors in interest (the

"Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from DYNAMIC RECOVERY, for a debt which was owned by LVNV FUNDING, LLC ("LVNV"), and which included the alleged conduct and practices described herein.

> The class definition may be subsequently modified or refined.

> The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New York who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

   b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

       iii.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

       iv.      Whether Plaintiff and the Class are entitled to declaratory relief.

  c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. At some time prior to January 24, 2023, Plaintiff allegedly incurred a financial obligation to ZALE CORPORATION. ("ZALE JEWELERS").

18. The ZALE JEWELERS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. Plaintiff incurred the ZALE JEWELERS obligation by obtaining goods and services, which were primarily for personal, family and household purposes.

20. The ZALE JEWELERS obligation did not arise out of a transaction that was for non-personal use.

21. The ZALE JEWELERS obligation did not arise out of a transaction that was for business use.

22. The ZALE JEWELERS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. ZALE JEWELERS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. At some time prior to January 24, 2023, the ZALE JEWELERS obligation was allegedly purchased by and/or sold to LVNV FUNDING, LLC.

25. The ZALE JEWELERS obligation was in default at the time that it was allegedly purchased by and/or sold to LVNV.

26. On or before January 24, 2023, LVNV directly or through an agent, referred the ZALE JEWELERS obligation to DYNAMIC RECOVERY for the purpose of collections.

27. At the time the ZALE JEWELERS obligation was referred to the DYNAMIC RECOVERY, the ZALE JEWELERS obligation was in default.

28. DYNAMIC RECOVERY caused to be delivered to Plaintiff a letter dated January 24, 2023, regarding the ZALE JEWELERS obligation. **See <u>Exhibit A</u>,** which is fully incorporated herein by reference.

29. The January 24, 2023 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read and relied on the statements and representations in the January 24, 2023 letter.

31. The January 24, 2023 advised Plaintiff that the "total outstanding balance" and the "charge-off balance" of the ZALE JEWELERS obligation was $2,235.16.

32. The January 24, 2023 letter stated, in part, the following:

> **LVNV Funding LLC is furnishing this account to the applicable credit reporting agencies.** You can resolve this account for $894.06. Once we receive $894.06, it is LVNV Funding LLC's policy **to request the applicable credit reporting agencies delete the account**. LVNV Funding LLC can only submit a request. LVNV Funding LLC does not control how long it takes for the request to be processed by the credit reporting agency. Please note, **this only applies to the tradeline reported by LVNV Funding LLC** and will not affect the tradeline of the original creditor or any other party. (emphasis added).

33. In addition, the January 24, 2023 letter stated the following:

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it. If you do not pay the debt, LVNV Funding LLC may report or continue to report it to the credit reporting agencies as unpaid.

34. Thus, according to the Defendant, the ZALE JEWELERS obligation was too old for LVNV to file a lawsuit against Plaintiff, but it was not too old for LVNV to continue to furnish information about to the credit reporting agencies.

35. In fact, the January 24, 2023 letter specifically advises that LVNV is currently and will continue to report the ZALE JEWELERS obligation to credit reporting agencies.

36. According to a credit report in Plaintiff's possession from September 2022, LVNV was not reporting information concerning the ZALE JEWELERS obligation to Equifax, Experian or TransUnion.

37. According to a Equifax credit report in Plaintiff's possession from March 2023, LVNV was not reporting information concerning the ZALE JEWELERS obligation to Equifax.

38. According to a TransUnion credit report in Plaintiff's possession from March 2023, LVNV was not reporting information concerning the ZALE JEWELERS obligation to TransUnion.

39. Thus, despite the fact that Defendant asserted that LVNV WAS reporting the ZALE JEWELERS obligation to credit reporting agencies, 4 months prior and 2 months after receiving the January 24, 2023 letter, LVNV had not and was not reporting the ZALE JEWELERS obligation to ANY credit reporting agency.

40. As described herein, Defendant's offer to settle and remove the credit reporting information seems to be a scheme to entice Plaintiff and others similarly situated into making a payment on a time-barred debt.

41. As LVNV was not reporting the ZALE JEWELERS obligation to any credit reporting agencies, if Plaintiff accepted the settlement offer, Plaintiff would not receive any benefit, let alone the benefit of the tradeline being removed from her credit profile.

42. Defendants knew or should have known that their actions violated the FDCPA.

43. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

   a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   b) Falsely representing the character or legal status of a debt; and

   c) Using unfair or unconscionable means to collect or attempt to collect any debt.

45. Defendants have made collection attempts against at least 50 natural persons in the State of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

46. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendants' violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10) and § 1692f.

49. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

50. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

51. As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

52. Defendants falsely represented that LVNV had been reporting the ZALE JEWELERS obligation to the credit reporting agencies.

53. Defendants falsely represented that LVNV had been reporting the ZALE JEWELERS obligation to the credit reporting agencies and that if Plaintiff made the settlement payment as outlined in the January 24, 2023 letter, then LVNV would request that the credit reporting agencies delete the tradeline for the ZALE JEWELERS obligation.

54. Defendants falsely represented that Plaintiff would receive the benefit of LVNV requesting that the credit reporting agencies delete the tradeline for the ZALE JEWELERS obligation if Plaintiff made the settlement payment as outlined in the January 24, 2023 letter.

55. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

56. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

57. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

58. As described herein, Defendants violated 15 U.S.C. § 1692f.

59. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

60. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

61. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

62. Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 30, 2023                    Respectfully submitted,

                                         By:   *s/ Joseph K. Jones*
                                                     Joseph K. Jones, Esq.
                                                     jkj@legaljones.com

                                                   JONES, WOLF & KAPASI, LLC
                                                   One Grand Central Place
                                                   60 East 42nd Street, 46th Floor
                                                   New York, New York 10165
                                                   (646) 459-7971 telephone
                                                   (646) 459-7973 facsimile

# Exhibit A



New York Residents: Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass. If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.